IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHAD ALLEN SASSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 3:19-cv-130 |
| ) | Judge Stephanie L. Haines |
| JOHN WETZEL, *et al.*, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This is a civil rights case brought under 42 U.S.C. § 1983 by Chad Allen Sasse ("Plaintiff"), a prisoner incarcerated at SCI-Houtzdale, alleging that the Defendants[1] have been deliberately indifferent to his serious medical needs arising from a gluten-related illness, in violation of the Eighth and Fourteenth Amendments. This matter was referred to Magistrate Judge Lisa Pupo Lenihan for proceedings in accordance with the Federal Magistrates Act, 28 U. S. C. § 636, and Local Civil Rule 72.D.

This case commenced with Plaintiff filing a § 1983 complaint on September 18, 2019 [Doc. 10]. An amended complaint was filed on November 19, 2019 [Doc. 17], and a second amended complaint followed on April 29, 2020 [Doc. 57]. Defendants were directed to answer or respond to the second amended complaint [Doc. 59]. On May 13, 2020, both the Corrections Defendants and the Medical Defendants filed motions to dismiss the second amended complaint for failure to state a claim[Docs. 61, 63]. Plaintiff responded to both motions on July 13, 2020 [Doc. 69].

---

[1] The defendants in this case are: John Wetzel; Barry R. Smith; Doretta Chencharick; Rebecca Reifer; Theresa Cantolina R.N.; Janet Pearson R.N.; Muhammad Naji M.D.; Patrick Nagle M.A.; Casey Thornley M.A.; Margaret Barnes C.R.N.P.; and Correct Care Solutions LLC. For ease of identification, Wetzel, Smith, Chencharick, Reifer, Cantolina and Pearson will be referred to as the "Corrections Defendants," and Naji, Nagle, Thornley, Barnes and Correct Care Solutions will be referred to as the "Medical Defendants."

1

On August 17, 2020, Magistrate Judge Lenihan submitted a Report and Recommendation to this Court recommending that both motions to dismiss filed by the Corrections Defendants and the Medical Defendants be granted, and that the second amended complaint be dismissed without prejudice to Plaintiff's right to file another amended complaint [Doc. 73]. On August 27, 2020, Plaintiff timely filed an "appeal" of Judge Lenihan's Report and Recommendation [Doc. 74], which the Court will construe as his objections to the Report and Recommendation. *See* Local Civil Rule 72.D.2.

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2.

Upon de novo review of the record and the Report and Recommendation, and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of the Magistrate Judge in this matter. As to the Corrections Defendants, Judge Lenihan reasonably found that Plaintiff has not established an affirmative link or plausible nexus between the denial of his grievance by any of those Defendants and the allegations of deliberate indifference to his medical needs, and she thoroughly explained why as to each of those Defendants [Doc. 73 p. 7]. As to the Medical Defendants, Judge Lenihan found that the allegations against Naji need to be more specific as to his conduct and the dates on which the allegations occurred, and that the allegations against the other medical defendants likewise are too conclusory to state a claim for deliberate indifference [*Id*. at 10]. Finally, Judge Lenihan determined that the allegations against Defendant Correct Care Solutions likewise lack specificity about the policy, or customs or practices, that caused a violation of Plaintiff's civil rights [*Id*. at 13].

The Court has reviewed the second amended complaint and agrees with all of Judge Lenihan's recommendations. Plaintiff's allegations simply are not sufficient to state a cognizable claim against any of the Defendants for the reasons thoroughly set forth in the Report and Recommendation. Judge Lenihan specifically identified the deficiencies in the second amended complaint and has recommended Plaintiff be given a third opportunity to remedy those deficiencies by amendment. This Court will grant him that opportunity.

Plaintiff's objections [Doc. 74] to the Report and Recommendation are unavailing. Plaintiff contends that the dates upon which he met with the Defendants are contained within his medical records but that he has been informed he has no right to those records. He further alleges that he does not have the financial resources to pay for copies of his medical records and that he is only permitted to view those records for 20 minutes at a time after a substantial wait on a waiting list. Finally, he alleges that there is no statute of limitations for an ongoing condition that will never get better or be cured.

Plaintiff's objections do nothing to alter the Magistrate Judge's findings. Rather than disagree with Judge Lenihan's findings and conclusions, Plaintiff essentially is providing excuses in advance as to why he may not be able to remedy the deficiencies identified in the Report and Recommendation. As discussed in detail by Judge Lenihan, the allegations set forth in the second amended complaint are too conclusory to state claims against any of the Defendants, and this case cannot advance without additional information sufficient to state a plausible claim against a defendant or defendants. Likewise, if Plaintiff believes that he suffers from an ongoing condition that is not subject to the relevant statute of limitations, he needs to set forth allegations in his complaint sufficient to raise a plausible claim that such is the case.

While the Court is sympathetic to Plaintiff's situation, it cannot let a case proceed where

the allegations in the complaint are insufficient to state any plausible claim for relief. Judge Lenihan identified the deficiencies in Plaintiff's second amended complaint and explained what additional information might be sufficient for Plaintiff's case to move forward. It is up to Plaintiff to provide that information. At this stage, after two attempts, Plaintiff still has not yet even set forth allegations sufficient to raise a "reasonable expectation that discovery will reveal evidence of the necessary element." *See Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2013) (citations omitted).

Accordingly, the following order is entered:

## ORDER OF COURT

AND NOW, this 30th day of September, 2020, IT IS ORDERED that Plaintiff's objections [Doc. 74] to the Magistrate Judge's Report and Recommendation [Doc. 73] hereby are **overruled**; and,

For the reasons set forth in the Magistrate Judge's Report and Recommendation [Doc. 74], which is adopted as the opinion of the Court, IT FURTHER IS ORDERED that the Defendants' motions to dismiss the second amended complaint for failure to state a claim upon which relief can be granted [Docs. 61 and 63] hereby are **granted**; and,

IT FURTHER IS ORDERED that Plaintiff's second amended complaint [Doc. 57] hereby is **dismissed** without prejudice to Plaintiff's right to file a third amended complaint addressing the deficiencies identified in the Report and Recommendation.

*/s/ Stephanie L. Haines*
Stephanie L. Haines
United States District Judge