IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHAD ALLEN SASSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 3:19-cv-130 |
| ) | Judge Stephanie L. Haines |
| JOHN WETZEL, *et al.*, ) | Magistrate Judge Lisa P. Lenihan |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This is a civil rights case brought under 42 U.S.C. § 1983 by Chad Allen Sasse ("Plaintiff"), a prisoner incarcerated at SCI-Houtzdale, alleging the Defendants[1] have been deliberately indifferent to his serious medical needs arising from a gluten-related illness, in violation of the Eighth and Fourteenth Amendments. This matter was referred to Magistrate Judge Lisa Pupo Lenihan for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

By way of background, on May 13, 2020, the DOC and Medical Defendants filed their motions to dismiss (ECF Nos. 61 and 63) to Plaintiff's second amended complaint (ECF No. 57). On August 17, 2020, Magistrate Judge Lenihan issued a Report and Recommendation (ECF No. 73) recommending the motions be granted but granting leave to Plaintiff to amend his claims.

Specifically in the Report and Recommendation filed at ECF No. 73, Magistrate Judge Lenihan advised Plaintiff to plead his allegations as to each of the DOC Defendants' personal

---

[1] The defendants in this case are: John Wetzel; Barry R. Smith; Doretta Chencharick; Rebecca Reifer; Theresa Cantolina R.N.; Janet Pearson R.N.; Muhammad Naji M.D.; Patrick Nagle M.A.; Casey Thornley M.A.; Margaret Barnes C.R.N.P.; and Correct Care Solutions LLC. For ease of identification, Wetzel, Smith, Chencharick, Reifer, Cantolina and Pearson will be referred to as the "DOC Defendants," and Naji, Nagle, Thornley, Barnes and Correct Care Solutions ("CCS") will be referred to as the "Medical Defendants."

involvement in his deliberate indifference claims with greater specificity and not simply allege that they denied his grievances (ECF No. 73, pp. 7-8). Magistrate Judge Lenihan advised Plaintiff he must show with specificity the personal involvement on each Defendant's part, whether through participation, personal direction, or actual knowledge and acquiescence. *Id*. at p. 8. Additionally, Plaintiff was advised to allege more specificity as to the actions taken by each Medical Defendant and the dates on which the alleged acts took place. *Id*. at p 11. Magistrate Judge Lenihan also found Plaintiff's allegations lacked specificity as to any policy, customs, or practices of Defendant CCS that caused a violation of Plaintiff's civil rights. *Id*. at p 13. On October 1, 2020, the Court adopted the Report and Recommendation filed at ECF No. 73 (ECF No. 75).

Plaintiff filed his third amended complaint on December 4, 2020 (ECF No. 79). The DOC and Medical Defendants then filed their respective motions to dismiss and briefs in support (ECF Nos. 80, 81, 83, and 84). Plaintiff filed briefs in opposition to the motions to dismiss (ECF Nos. 86 and 87) and has submitted medical records relevant to his claims (ECF No. 88). On May 6, 2021, Magistrate Judge Lenihan issued a Report and Recommendation (ECF No. 90) recommending the motions to dismiss (ECF Nos. 80 and 83) be granted and the third amended complaint (ECF No. 79) be dismissed with prejudice for failure to cure the deficiencies in the previous three complaints. The parties were notified that pursuant to 28 U.S.C.§636 (b)(1)(B) and (C) and Rule 72.D.2 of the Local Rules of Court, they had fourteen days from the date of service of the Report and Recommendation (ECF No. 90) to file objections.

On May 18, 2021, Plaintiff filed objections to the Report and Recommendation (ECF No. 91). In his objections, Plaintiff requests the Court to reverse the dismissal of his claims, pointing to alleged discrepancies in laboratory results from nutrition tests as evidence of Defendants'

falsification of his medical records and also requesting that he be appointed an attorney.[2]

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. Upon *de novo* review of the record and the Report and Recommendation (ECF No. 90), and pursuant to Local Civil Rule 72.D.2, the Court finds that Plaintiff's objections (ECF No. 91) do not undermine the recommendation of Magistrate Judge Lenihan to grant the motions to dismiss filed by Medical Defendants Naji, Nagle, Thornley, Barnes, and Correct Care Solutions, LLC. (ECF No. 80) and by DOC Defendants Wetzel, Smith, Chencharick, Reifer, Cantolina, and Pearson (ECF No. 83). The Court overrules Plaintiff's objections (ECF No. 91). The Court will grant Defendants' motions to dismiss (ECF Nos. 80 and 83), dismiss Plaintiff's third amended complaint (ECF No. 79) with prejudice, and adopt the Report and Recommendation (ECF No. 90) as the Opinion of the Court.

Magistrate Judge Lenihan exhaustively reviewed Plaintiff's allegations as to each Defendant and correctly finds that Plaintiff fails to state a claim against the Defendants. As to the DOC Defendants, Plaintiff's allegations are based only on their denial of his grievances, and he has failed to plead any facts to show each Defendants' personal involvement in his deliberate indifference claims. Similarly, Plaintiff alleges only conclusory allegations against the Medical Defendants and has failed to state a plausible claim against those Defendants showing they were indifferent to his medical needs. Further, Plaintiff's allegations as to Defendant CCS are

---

[2] Plaintiff has been advised that he was not entitled to appointment of counsel as to his claims in this action under the standards set forth by the Third Circuit in *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993) (ECF Nos. 8, 22, 39, and 71).

unchanged, and Plaintiff has failed to allege any policy or custom of Defendant CCS that violated federal laws. Plaintiff's reliance in his objections (ECF No. 91) to an alleged discrepancy in his diagnostic testing does not cure his failure to state a claim against Defendants.

Magistrate Judge Lenihan specifically identified Plaintiff's pleading deficiencies in the second amended complaint (ECF No. 57), and Plaintiff failed to remedy these deficiencies. The record therefore supports that leave to amend these claims would be futile and inequitable, *see Grayson v. Mayview State Hospital*, 293 F.3d 103 (3d Cir. 2002), and Magistrate Judge Lenihan correctly determined that further amendment would be futile.

Accordingly, the following order is entered:

## ORDER OF COURT

AND NOW, this 30th day of September, 2021, IT IS ORDERED that Plaintiff's objections (ECF No. 91) to the Magistrate Judge's Report and Recommendation (ECF No. 90) hereby are OVERRULED; and,

IT FURTHER IS ORDERED that the Defendants' motions to dismiss the third amended complaint for failure to state a claim upon which relief can be granted (ECF Nos. 80 and 83) hereby are GRANTED; and,

IT FURTHER IS ORDERED that Plaintiff's third amended complaint (ECF No. 79) hereby is DISMISSED WITH PREJUDICE; and,

IT IS FURTHER ORDERED that Magistrate Judge Lenihan's Report and Recommendation (ECF No. 90) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this case as CLOSED; and,

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(l) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days from entry of judgment to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

*Stephanie L. Haines*
Stephanie L. Haines
United States District Judge